STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CIVIL ACTION
                                                  DOCKET NO. CV-08-106
                                                  *VM - PEN - 3/*

JEFFREY C. LAVOIE,

           Plaintiff

     v.                                           JUDGMENT

RICHARD BURNS, d/b/a
DICK'S GARAGE AND
TOWING SERVICE,

           Defendant

Findings

       On 12/28/06, the plaintiff was employed by Progressive Insurance. He traveled

to the defendant's premises to inspect a vehicle that had been towed there after an

accident. (Pl.'s Exs. 9A, 9B.) The plaintiff had been to the garage two or three times

before but had never walked around to the back of the main garage.

       The plaintiff drove to the upper level to look at the totaled vehicle and drove

back to the front of the garage. The claimant involved in the case did not arrive. The

plaintiff approached defendant Burns and asked to use the bathroom. Defendant Burns

usually sends people to the gas station to use the bathroom but he told the plaintiff he

could go "out back." The plaintiff assumed there was a john or port-a-potty behind the

garage.

       The plaintiff walked to the right side of the garage and walked along the back of

the main garage to the second garage but found no bathroom facility. He finally

relieved himself in the woods behind the second garage. He then walked in a straight

line toward his car, which was parked in front of the main garage. (Pl.'s Ex. 7.) As he

approached the grade near the back of the main garage, he determined that the pieces of plywood he encountered were ramps to be used to walk down the embankment. (Pl.'s Exs. 8A-8F, 9C; Def.'s Exs. 1A-1F.) The ramp on the left was worn. The ramp on the right was in front of the plaintiff. The plaintiff was paying attention but not overanalyzing the situation.

According to defendant Burns, the ramp on which the plaintiff walked was a toolbox taken from his truck. Defendant Burns placed the box where it was located on 12/28/06 because that was "the best place to put it" and he did not know what else to do with the box. He did not turn the box upside down because he wanted to protect the box. Defendant Burns used the left ramp as a walkway previously. (Pl.'s Ex. 8E.)

The plaintiff placed his left leg on the larger ramp on the right and began to slide down the ramp. His left leg folded under him and stopped the fall. He pulled his leg from under him and experienced significant pain. After he fell and was lying on the ramp, he saw a very thin layer of clear ice on the ramp. There was snow on the ground surrounding the ramps. (Pl.'s Ex. 8B.)

He called 911 on his cell phone. The plaintiff remained on the ground on his back until the ambulance arrived approximately 15 minutes later. The plaintiff instructed the rescue workers to stay off the ramps. The workers examined his leg and began intravenous pain medicine.

The plaintiff was transported to the MaineGeneral Medical Center where he was diagnosed with a displaced left fibular fracture with medial-sided ligamentous injury. (Pl.'s Ex. 3.) The ankle was placed in a splint and the plaintiff was given crutches and pain medicine. His pain and discomfort continued to be significant. He saw Dr. Bush on 1/2/07 and underwent surgery to repair the ankle on 1/5/07. (Pl.'s Exs. 1-4.) He

was in a variety of casts for months without weight bearing and on crutches. The plaintiff was referred to physical therapy but chose not to follow that recommendation.[1]

The plaintiff was unable to enjoy his usual activities, such a cooking, hiking, tennis, and masonry. The ankle continues to be painful and weak on occasion and is affected especially by the cold and damp weather and over-exertion. When the ankle is painful, the plaintiff takes pain medicine, raises his leg, soaks the ankle in ice water, and tries to "stay off" his leg.

As a result of his fall, the plaintiff incurred medical bills in the amount of $10,272.21 (Pl.'s Ex. 5.) and lost wages in the amount of $5,497.49. (Pl.'s Ex. 6.) He has proved he is entitled to an award of $35,000.00 for pain, suffering, and loss of enjoyment of life.

Conclusions

A property owner has a duty "to use ordinary care to ensure that the premises were reasonably safe for the plaintiff, guarding him against all reasonable foreseeable dangers, in light of the totality of the circumstances." Baker v. Mid Maine Medical Center, 499 A.2d 464, 467 (Me. 1985). The defendant simply told the plaintiff he could go "out back" to use the bathroom and gave no further instructions. After the plaintiff circled the area looking for a bathroom, the plaintiff returned by the most direct route to his car. A reasonable person in the plaintiff's position would have concluded that the ramps were placed on the embankment to assist in walking down the embankment. Defendant Burns agreed that he uses the ramp for that purpose. (Pl.'s Ex. 8E.) The defendant's position, apparently, is that the plaintiff chose the wrong ramp. The photos

---

[1] The defendant did not raise the issue of failure to mitigate damages.

make clear that the ramp chosen by the plaintiff appears to be in better condition and the more appropriate choice. (Pl.'s Exs. 8C, 8D, 8F; Def.'s Ex. 1B.)

The plaintiff had "the right to assume that the premises were reasonably safe for his use" but "cannot rely blindly on the presumption of the discharge of one's duty, but must at all times exercise ordinary care for his own safety." Isaacson v. Husson College, 297 A.2d 98, 103 (Me. 1972). Based on the snow on the ground on this December day in Maine, the plaintiff could have exercised more care in determining whether ice would be located on the ramp. The defendant's negligence, however, in placing the ramps on the embankment, failing to make them reasonably safe under the circumstances, and failing to warn the plaintiff not to accept the obvious invitation to use them exceeds the negligence of the plaintiff. Id.

The entry is

> Judgment is entered in favor of the Plaintiff and against the Defendant on the Plaintiff's Complaint in the amount of $45,769.70 plus prejudgment interest at the rate of 4.42%, post-judgment interest at the rate of 6.40%, and costs.

Date: August 17, 2009

Nancy Mills
Justice, Superior Court

JEFFREY C LAVOIE  - PLAINTIFF

Attorney for: JEFFREY C LAVOIE
JAMES C HUNT  - RETAINED 03/21/2008
ROBINSON KRIGER & MCCALLUM
12 PORTLAND PIER
PO BOX 568
PORTLAND ME 04112-0568


vs
RICHARD BURNS  - DEFENDANT
,
Attorney for: RICHARD BURNS
JOHN WHITMAN  - RETAINED 04/11/2008
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS STREET
PO BOX 9545
PORTLAND ME 04112-9545

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2008-00106


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 03/21/2008

## Docket Events:

03/21/2008 FILING DOCUMENT - COMPLAINT FILED ON 03/21/2008
           04/30/08 - EXHIBIT A TO COMPLAINT FILED


04/15/2008 Party(s):  RICHARD BURNS
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/11/2008
           Defendant's Attorney: JOHN WHITMAN
           FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON JAMES
           HUNT, ESQ. ON 4/10/08.


04/15/2008 Party(s):  RICHARD BURNS
           RESPONSIVE PLEADING - ANSWER FILED ON 04/11/2008
           Defendant's Attorney: JOHN WHITMAN


04/15/2008 Party(s):  RICHARD BURNS
           ATTORNEY - RETAINED ENTERED ON 04/11/2008
           Defendant's Attorney: JOHN WHITMAN


04/15/2008 Party(s):  RICHARD BURNS
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/04/2008


04/18/2008 Party(s):  JEFFREY C LAVOIE
           ATTORNEY - RETAINED ENTERED ON 03/21/2008
           Plaintiff's Attorney: JAMES C HUNT


04/22/2008 Party(s):  JEFFREY C LAVOIE
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/22/2008
           Plaintiff's Attorney:  JAMES C HUNT
           FIRST REQUEST FOR DOCUMENTS TO DEEF AND FIRST SET OF INTERROGATORIES TO DEFOJBECTION TO
           DEF'S FIRST SET OF INTERROGATORIES AND OBJECTION TO DEF'S FIRST REQUEST FOR DOCUMENTS
           SERVED ON ATTY WHITMAN ON 4/21/08.

04/23/2008 ORDER - SCHEDULING ORDER ENTERED ON 04/22/2008
NANCY MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPY TO ATTYS
HUNT AND WHITMAN

04/23/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 01/01/2009

04/23/2008 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 04/22/2008
NANCY MILLS , JUSTICE

05/21/2008 Party(s): RICHARD BURNS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/20/2008
Defendant's Attorney: CAROL EISENBERG
DEFENDANT'S OBJECTIONS TO FIRST SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS SERVED
ON JAMES HUNT, ESQ. ON 5/19/08.

05/21/2008 Party(s): JEFFREY C LAVOIE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/20/2008
Plaintiff's Attorney: JAMES C HUNT
RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON JOHN WHITMAN,
ESQ. ON 5/19/08.

06/24/2008 Party(s): JEFFREY C LAVOIE
LETTER - FROM PARTY FILED ON 06/23/2008
Plaintiff's Attorney: JAMES C HUNT
AGREEMENT OF PARTIES TO EXTEND TIME FOR COMPLETION OF ADR CONFERENCE TO 10/20/08.

08/05/2008 Party(s): RICHARD BURNS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/28/2008
Defendant's Attorney: CAROL EISENBERG
DEFT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS BY PLTF, SERVED ON J. HUNT, ESQ. ON
07/23/08.

09/23/2008 Party(s): JEFFREY C LAVOIE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/19/2008
Plaintiff's Attorney: JAMES C HUNT
ANSWERS TO DEFT'S 1ST SET OF INTERROGATORIES, SERVED ON C. EISENBERG, ESQ. ON 09/18/08.

09/29/2008 Party(s): RICHARD BURNS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/29/2008
Defendant's Attorney: CAROL EISENBERG
NOTICE TO TAKE ORAL DEPOSITION OF JEFFREY C. LAVOIE, SERVED ON J. HUNT, ESQ. ON 09/26/08.

11/17/2008 Party(s): JEFFREY C LAVOIE
ORDER - ORDER FAIL FILE ADR NOTICE ENTERED ON 11/17/2008
NANCY MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPY TO ATTYS
HUNT AND WHITMAN                                              $75 SANCTION. 12/2/08 -
SANCTION PAID

12/06/2008 Party(s): JEFFREY C LAVOIE
MOTION - MOTION EXTEND DISCOVERY FILED ON 12/02/2008
Plaintiff's Attorney: JAMES C HUNT

CONSENTED TO MOTION TO ENLARGE ADR AND DISCOVERY, PROPOSED ORDER

12/06/2008 Party(s): JEFFREY C LAVOIE
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 12/02/2008
Plaintiff's Attorney: JAMES C HUNT
MEDIATION WITH ROBERT HOY ON 01/22/09.

12/10/2008 Party(s): JEFFREY C LAVOIE
MOTION - MOTION EXTEND DISCOVERY GRANTED ON 12/09/2008
NANCY MILLS , JUSTICE
ADR DEADLINE EXTENDED TO 2/2/09.                                        COPY TO ATTYS
HUNT AND WHITMAN

12/30/2008 TRIAL - TRAILING LIST SCHEDULED FOR 12/30/2008
FEBRUARY 3 TO MARCH 27, 2009

01/23/2009 Party(s): JEFFREY C LAVOIE
OTHER FILING - WITNESS LIST FILED ON 01/13/2009
Plaintiff's Attorney: JAMES C HUNT

01/23/2009 Party(s): JEFFREY C LAVOIE
OTHER FILING - EXHIBIT LIST FILED ON 01/13/2009
Plaintiff's Attorney: JAMES C HUNT

01/27/2009 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 01/21/2009
Plaintiff's Attorney: JAMES C HUNT
3 DAYS

01/29/2009 ORDER - REPORT OF ADR CONF/ORDER FILED ON 01/26/2009
NANCY MILLS , JUSTICE

01/29/2009 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 01/26/2009

02/02/2009 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 01/30/2009
NANCY MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
HUNT AND WHITMAN

02/11/2009 TRIAL - BENCH SCHEDULED FOR 03/18/2009 @ 8:30  in Room No.  1

02/11/2009 TRIAL - BENCH SCHEDULED FOR 03/19/2009 @ 8:30  in Room No.  1

02/11/2009 TRIAL - BENCH NOTICE SENT ON 02/11/2009

03/17/2009 Party(s): RICHARD BURNS
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 03/17/2009
Defendant's Attorney: CAROL EISENBERG
AMENDED, WITH EXHIBITS 1-A TO 1-F

03/18/2009 Party(s): JEFFREY C LAVOIE
OTHER FILING - EXHIBIT LIST FILED ON 03/18/2009
Plaintiff's Attorney: JAMES C HUNT
AMENDED

03/18/2009 Party(s): JEFFREY C LAVOIE
          OTHER FILING - WITNESS LIST FILED ON 03/18/2009
          Plaintiff's Attorney: JAMES C HUNT
          AMENDED

03/19/2009 Party(s): JEFFREY C LAVOIE
          LETTER - FROM PARTY FILED ON 03/19/2009
          RE: TRIAL SCHEDULE WEEK OF 03/23/09.

04/30/2009 TRIAL - BENCH NOT HELD ON 04/30/2009

04/30/2009 TRIAL - BENCH NOT HELD ON 04/30/2009

04/30/2009 TRIAL - TRAILING LIST NOT REACHED ON 04/30/2009

05/01/2009 ORDER - FINAL PRETRIAL ORDER ENTERED ON 04/30/2009
          NANCY MILLS , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
          HUNT AND EISENBERG

05/01/2009 TRIAL - TRAILING LIST SCHEDULED FOR 04/30/2009
          JUNE 2 TO 26, 2009

05/05/2009 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 05/05/2009
          Defendant's Attorney: CAROL EISENBERG

05/22/2009 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 05/22/2009
          1.5 DAYS

05/28/2009 ORDER - FINAL PRETRIAL ORDER ENTERED ON 05/26/2009
          NANCY MILLS , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

06/23/2009 TRIAL - BENCH SCHEDULED FOR 06/24/2009 @ 8:15
          NANCY MILLS , JUSTICE
          ATTORNEYS NOTIFIED BY PHONE

08/19/2009 TRIAL - BENCH HELD ON 06/24/2009
          NANCY MILLS , JUSTICE
          Defendant's Attorney: CAROL EISENBERG
          Plaintiff's Attorney: JAMES C HUNT          Reporter: TAMMY DROUIN
          TAKEN UNDER ADVISEMENT

08/19/2009 TRIAL - TRAILING LIST HELD ON 06/24/2009

08/19/2009 FINDING - JUDGMENT DETERMINATION ENTERED ON 08/17/2009
          NANCY MILLS , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
          HUNT AND EISENBERG

          ORDER - COURT JUDGMENT ENTERED ON 08/17/2009

NANCY MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
HUNT AND EISENBERG
Judgment entered for JEFFREY C LAVOIE and against RICHARD BURNS in the amount of $45769.70.


08/19/2009 FINDING - FINAL JUDGMENT CASE CLOSED ON 08/19/2009

08/19/2009 NOTE - OTHER CASE NOTE ENTERED ON 08/19/2009
           NOTICE OF REMOVAL OF EXHIBITS MAILED TO ATTYS HUNT AND EISENBERG

09/23/2009 Party(s):  JEFFREY C LAVOIE
           MOTION - OTHER MOTION FILED WITH AFFIDAVIT ON 09/21/2009
           Plaintiff's Attorney:  JAMES C HUNT
           MOTION FOR APPROVAL OF DISTRIBUTION OF PROCEEDS, AFFIDAVIT OF JAMES C. HUNT, AFFIDAVIT OF
           JOETTE D. AMEY, PROPOSED ORDER.

09/30/2009 NOTE - OTHER CASE NOTE ENTERED ON 09/30/2009
           DISPOSED OF EXHIBITS

10/16/2009 ORDER - COURT JUDGMENT COPY TO REPOSITORIES ON 10/16/2009
           DEBORAH FIRESTONE, GARBRECHT LAW LIBRARY, DONALD GOSS


A TRUE COPY
ATTEST:  _____
                    Clerk